John EMANUEL and Melvin Emanuel, Jr., as Co–Personal Representatives of the Estate of Odetta Emanuel, Appellants

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 05–7091.

United States Court of Appeals, District of Columbia Circuit.

Feb. 16, 2007.

Rehearing En Banc Denied April 24, 2007.

Gregory L. Lattimer, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Appellants.

James Creighton McKay, Jr., Senior Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: GINSBURG, Chief Judge, and TATEL, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

***JUDGMENT***

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. It is

**ORDERED AND ADJUDGED** that the order of the District Court be affirmed.

During an arrest of a murder suspect, District of Columbia and Metropolitan Police Officer Antonio Long panicked and

shot at an armed plainclothes officer at the scene. In doing so, he shot through the car Emanuel was sitting in, killing her.

■ With respect to Emanuel's Fourth Amendment claim that the shooting was an unreasonable seizure, we affirm the District Court's order of summary judgment for the reason given in its opinion. There is no evidence that Officer Long intended to shoot Emanuel rather than the plainclothes officer, as a valid claim requires. *See Brower v. County of Inyo*, 489 U.S. 593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989); *Childress v. City of Arapaho*, 210 F.3d 1154, 1156–57 (10th Cir.2000); *Landol–Rivera v. Cosme*, 906 F.2d 791, 795 (1st Cir.1990).

■ With regard to Emanuel's claim of a substantive due process violation, Long's actions do not shock the conscience so as to offend due process. When, as here, "unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock." *County of Sacramento v. Lewis*, 523 U.S. 833, 853, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Having no valid claim against the officers involved, Emanuel has no valid claim against the District itself.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.